# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Antonio T. Joseph,
    Petitioner,

vs.                              Case No. 1:08cv349
                                       (Beckwith, C.J.; Black, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss filed July 17, 2008 (Doc. 6), which petitioner opposes (Doc. 7).

### Background

      In this action, petitioner challenges his May 2, 2005 felonious assault and robbery convictions and resulting sentence in Hamilton County, Ohio, Court of Common Pleas, Case No. B 0409642. (*See* Doc. 1; Doc. 6, Exs. 3-4). Petitioner was sentenced to consecutive seven (7) year terms of imprisonment, or an aggregate prison term of fourteen (14) years. (*Id.*, Ex. 4).

      With the assistance of counsel, petitioner timely appealed to the Ohio Court

of Appeals, First Appellate District, claiming as the sole assignment of error that the "charges for which [petitioner] was found guilty were against the manifest weight of the evidence and must be reversed when the testimony was such that the jury clearly erred in finding him guilty." (*Id.,* Exs. 5-6). On June 7, 2006, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment. (*Id.,* Ex. 8).

Petitioner next filed a timely *pro se* notice of appeal and memorandum in support of jurisdiction with the Supreme Court of Ohio. (*Id.,* Exs. 9-10). In the jurisdictional memorandum, petitioner asserted two propositions of law. He claimed: (1) his appellate counsel was ineffective in presenting "only a weak manifest weight argument with little or no chance of success," while failing to challenge petitioner's sentence under *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Blakely v. Washington,* 542 U.S. 296 (2004), as applied by the Ohio Supreme Court to Ohio's sentencing statutes in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006); and (2) his sentence is "unconstitutional" because it was imposed in violation of his Sixth Amendment rights. (*See id.,* Ex. 10). On October 4, 2006, the state supreme court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 11).

Petitioner took no further action to challenge his convictions or sentence until over nine and one-half months later, when he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on July 26, 2007. (*See id.,* Ex. 15). It appears from the record that on August 24, 2007, the Court denied petitioner's *in forma pauperis* application filed in that action, and the "matter was then closed on the Court's docket." (*See id.,* p. 1). Eight months later, on April 25, 2008, petitioner filed an amended petition for writ of habeas corpus "purport[ing] to supplement the original petition;" and, in addition, on May 1, 2008, petitioner filed a motion for relief from judgment seeking reinstatement of the case on the Court's docket. (*See id.*). In support of his motion for relief from judgment, petitioner averred in an attached affidavit that he "never received a copy of the August 24, 2007 order until April 2008 in response to [his] status inquiry to the clerk, and had no idea the IFP motion had been denied." (*See id.,* pp. 1-2).

On July 17, 2008, the Court denied petitioner's motion for relief from judgment. (*Id.*). In so ruling, the Court found and reasoned as follows:

The Court's Order of August 24, 2007 was sent to petitioner by

2

> certified mail. . . . A certified mail receipt bearing what appears to be petitioner's signature was filed on the Court's docket on August 30, 2007. . . . A copy of that receipt is attached to this Order. The Court has compared the signature on the certified mail receipt with the documents filed by petitioner in this case and the signature appears to be that of petitioner. In view of this evidence, [petitioner's] motion for relief from the Order of the Court is not well-taken.
>
> Moreover, petitioner contends that payment of the $5.00 filing fee would constitute an undue hardship. He states he receives $9.00 in state pay per month and requires such funds to pay for hygiene supplies, legal copies, and postage, materials not provided by the prison. A review of the *in forma pauperis* application previously submitted by petitioner shows several debits from his inmate account for candy and photos. . . . The Court does not believe payment of the full $5.00 fee in petitioner's case would cause an undue hardship.
>
> In addition, the Court routinely requires inmates possessing over $5.00 in their inmate accounts to pay the full filing fee in habeas corpus actions. Their necessities of life are provided for by their institutions of incarceration and requiring the $5.00 filing fee under the circumstances is not unjust.

(*Id.,* pp. 2-3).

While awaiting the Court's ruling on his motion for relief from judgment in the prior federal habeas case, petitioner commenced the instant federal habeas corpus action. The petition, which was stamped as "filed" on May 20, 2008, contains petitioner's signed declaration that the petition was placed in the prison mailing system on May 12, 2008. (*See* Doc. 1, p. 15). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Absent evidence to the contrary, it therefore appears the petition was delivered to prison authorities for mailing and thus "filed" for statute of limitations purposes on May 12, 2008.

In the petition, petitioner asserts three grounds for relief:

**Ground One:** Petitioner was deprived of due process where the judgment of conviction was entered against the weight of the evidence.

**Ground Two:** Petitioner was deprived of the effective assistance of counsel on direct appeal in violation of the 6th and 14th Amendments [when "[a]ppointed counsel overlooked significant and obvious issues of constitutional magnitude concerning the unlawfully enhanced sentence imposed which was enhanced from the statutory maximum three years to fourteen years based upon judicial fact finding of uncharged elements, by less than proof beyond a reasonable doubt, in favor of a weak manifest weight issue with little or no chance of success"].

**Ground Three:** Petitioner was deprived of due process of law where the trial court enhanced his sentence beyond the statutory maximum[, i.e., concurrent two-year prison terms,] based solely upon judicial fact finding of uncharged elements which were not proven beyond a reasonable doubt.

(Doc. 1, pp. 6, 7, 9).

In response to the petition, respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 6). Petitioner opposes the motion. (Doc. 7).

**OPINION**

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner seeks relief based on alleged errors that occurred during the state trial proceedings and on direct appeal. It is clear that petitioner was well aware of the facts underlying each of his three grounds for relief before the conclusion of the direct review proceedings, as he actually raised the claim alleged in Ground One to the Ohio Court of Appeals and the claims alleged in Grounds Two and Three to the Supreme Court of Ohio in those proceedings. Therefore, as respondent has argued (*see* Doc. 6, Brief, p. 5), the petition is governed by the one-year statute of limitations set forth in § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review.

Petitioner's conviction and sentence became "final" within the meaning of § 2244(d)(1)(A) when the 90 day period expired on January 2, 2007 for seeking certiorari review by the United States Supreme Court of the state supreme court's final October 4, 2006 entry. *See Lawrence v. Florida,* 127 S.Ct. 1079, 1083-84 (2007) (citing *Clay v. United States,* 537 U.S. 522, 527-28 (2003)). The statute commenced running a day later on January 3, 2007, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on January 3, 2008, unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[1] The tolling provision, however, does not "'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Here, petitioner did not file any applications for state post-conviction relief or other collateral review that could have served to toll the limitations period under § 2244(d)(2). Furthermore, the statute of limitations was not statutorily tolled during the time petitioner's prior federal habeas petition filed on July 26, 2007 was pending before this Court, because "an application for federal habeas corpus review is not an 'application for post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *See Duncan v. Walker,* 533 U.S. 167, 181-82 (2001).

Petitioner contends in his memorandum in opposition to respondent's motion to dismiss that he is entitled to equitable tolling of the limitations period in this case. (*See* Doc. 7). He claims that equitable tolling is appropriate because (1) he was not aware that his initial timely-filed federal habeas petition had been dismissed until April 2008 when he discovered that his *in forma pauperis* application had been denied in August 2007; (2) his poverty is the sole reason his

---

[1] *See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

prior timely-filed habeas petition was "thrown out;" and (3) he is "completely factually innocent of the uncharged essential elements which were not alleged or found by a jury to enhance his maximum sentence." (*Id.*).

Although the Supreme Court has not decided whether equitable tolling applies to otherwise untimely claims, *see Lawrence,* 127 S.Ct. at 1085, the Sixth Circuit has held that the statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988).

In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court indicated that to the extent equitable tolling is applicable, the petitioner bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)); *see also Lawrence,* 127 S.Ct. at 1085.

The Sixth Circuit has held that the following factors are to be considered in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner does not argue, nor is there evidence in the record to suggest, that petitioner was ignorant, or lacked notice or constructive knowledge of the one-year filing requirement for federal habeas petitions. However, petitioner

does suggest that extraordinary circumstances prevented him from filing a timely federal habeas petition after his initial timely-filed petition was "thrown out" in August 2007, because he was too poor to pay the filing fee in the prior case and because he was belatedly informed after the limitations period had expired of the closure of that case by the denial of his *in forma pauperis* application.

The undersigned is not persuaded by petitioner's arguments. First, contrary to his contention, petitioner was not too poor to pay the $5.00 filing fee in the prior case. Petitioner's application for pauper status reflected that petitioner received $9.00 per month in pay from the state, and that as of July 10, 2007, petitioner had $9.44 in his prison account. As the Court concluded in denying petitioner's motion for relief from judgment in the prior case, petitioner had sufficient funds to pay the filing fee without suffering any undue hardship. (*See* Doc. 6, Ex. 15; *see also Antonio Joseph v. Ernie Moore,* Case No. 1:07cv580, Docs. 3-4).

Second, the undersigned has examined the certified mail return receipt attached as an exhibit to petitioner's motion for relief from judgment in the prior closed case.[2] Despite petitioner's contention that the published institutional policy of the prison "does not permit inmates to sign for legal mail on the . . . receipt" (Doc. 7, p. 2), the undersigned is convinced that, as the Court found in the prior case, the return receipt bears petitioner's signature. The docket record of the prior case reflects that the return receipt was received by the Court on August 30, 2007. Therefore, contrary to petitioner's contention, it appears that petitioner in fact was informed of the Court's denial of his *in forma pauperis* application, and thus of the closure of the prior case, well within the one-year limitations period due to expire on January 3, 2008.

Moreover, petitioner did not diligently pursue his rights after receiving notice in August 2007 of the Court's denial of his pauper application. Petitioner's belated attempt to obtain relief eight months later, after the limitations period had expired, by way of an amended petition filed in the closed case is insufficient to

---

[2] The certified mail receipt attached to the Court's July 17, 2008 Order denying petitioner's motion for relief from judgment is *not* the return receipt containing the signature of the addressee, but rather is the portion of the receipt indicating to whom and to what address the mail was to be sent. (*See* Doc. 6, Ex. 15). The return receipt showing that the mail was received and signed for by the addressee can be found in the prior case, *Antonio Joseph v. Ernie Moore,* Case No. 1:07cv580; it is still on file in the CM/ECF docketing system as attachment 2 to Doc. 4.

constitute diligence on petitioner's part.

Finally, petitioner has not demonstrated that he is entitled to equitable tolling based on his actual innocence. Although the Sixth Circuit has recognized that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate," *Souter v. Jones,* 395 F.3d 577, 599 (6th Cir. 2005), it is unclear whether the exception applies as argued here to a state court's sentencing enhancement findings. *Compare Davis v. Stegall,* No. Civ. 02-73093-DT, 2003 WL 1867920, at *4-5 (E.D. Mich. Mar. 17, 2003) (unpublished) (petitioner not entitled to tolling for "actual innocence" where the petitioner only argued that he was "innocent" of the noncapital sentence) *with Patterson v. United States,* Nos. 03cv74948-DT, 96CR80160-DT-01, 2004 WL 1615058, at *3 (E.D. Mich. July 2, 2004) (Report & Recommendation) (unpublished) ("actual innocence" exception is applicable to "facts giving rise to an increase in sentence" in narrow circumstances), *adopted,* 2006 WL 680841 (E.D. Mich. Mar. 13, 2006) (unpublished).

In any event, even assuming the "actual innocence" exception does apply, petitioner was required to demonstrate that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" of the elements necessary for the enhancement of his sentence. *See Souter,* 395 F.3d at 602. Petitioner has made no such showing in this case.

Accordingly, in sum, the undersigned concludes that the instant petition deemed "filed" on May 12, 2008, is time-barred. Under § 2244(d)(1)(A), the statute of limitations commenced running on January 3, 2007 and expired one year later on January 3, 2008; neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to extend the limitations period in this case. It is, therefore, **RECOMMENDED** that respondent's motion to dismiss the petition on the ground that it is barred from review by the one-year statute of limitations (Doc. 6) be **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED,** and that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not "find it debatable whether this Court is correct in its procedural ruling."[3]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be not taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:   10/13/08
   cbc

s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\08-349grantMTD-sol.tolling-priorpet.wpd

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Antonio T. Joseph,
    Petitioner,

                                          Case No. 1:08cv349
        v.                                  (Beckwith, C.J.; Black, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus actio brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).