IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Antonio Joseph,                )
                               )
        Petitioner,             ) Case No. 1:08-CV-349
                               )
    vs.                        )
                               )
Warden, Lebanon Correctional   )
Institution,                   )
                               )
        Respondent.             )

O R D E R

This matter is before the Court on Respondent's motion to dismiss (Doc. No. 6), Magistrate Judge Black's Report and Recommendation of October 14, 2008 (Doc. No. 8) recommending that the motion be granted, and Petitioner Antonio T. Joseph's objections to the Report and Recommendation (Doc. No. 13). For the reasons that follow, Petitioner's objections to the Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation. Accordingly, Respondent's motion to dismiss is well-taken and is **GRANTED.**

Petitioner is a prisoner at Lebanon Correctional Institution serving an aggregate 14 year term of imprisonment following his convictions for felonious assault and robbery. According to the Report and Recommendation, Petitioner's convictions became final on January 2, 2007. Petitioner originally attempted to file a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 on July 26, 2007. This petition was docketed with the Court under case number 1:07-CV-580.

On August 10, 2007, however, the Magistrate Judge issued Petitioner a deficiency order (1:07-CV-580, Doc. No. 2) because Petitioner neither submitted the required $5 filing fee nor an application to proceed <u>in forma pauperis</u>. The Magistrate Judge ordered Petitioner to either pay the filing fee or request to proceed without paying the filing fee within 30 days. On August 17, 2007, Petitioner filed a motion for leave to proceed <u>in forma pauperis</u>. (1:07-CV-580, Doc. No. 3). On August 24, 2007, however, the Court issued an order (1:07-CV-580, Doc. No. 4) denying Petitioner's motion because his papers indicated that he had sufficient funds in his prison account to pay the filing fee.

Petitioner claims that he never received a copy of the order of the Court denying his motion to proceed without paying the filing fee and that he was in fact unaware that the motion had been denied until April 2008 when he called the Clerk of Court to check the status of his petition. However, the Court's docket shows the filing of a return receipt on August 30, 2007. (1:07-CV-580, Doc. No. 4-3). The receipt bears a signature, although it is not dated and the name of the recipient is not

printed below the signature, as the receipt indicates should be done.

On April 25, 2008, Petitioner filed an amended petition for a writ of habeas corpus (1:07-CV-580, Doc. No. 5). On May 1, 2008, Petitioner filed a motion for relief from the order denying his in forma pauperis application (1:07-CV-580, Doc. No. 6). In his motion, Petitioner stated that he was unaware that his original IFP motion had been denied and that, furthermore, it would be an undue hardship if he had to pay the filing fee. Therefore, Petitioner requested the Court to waive the fee so that his petition would relate back to the original filing date, thereby avoiding having his claims barred by the statute of limitations.

On May 7, 2008, the Court entered an order (1:07-CV-580, Doc. No. 7) denying Petitioner's motion for relief from judgment. In that order, the Court found that Petitioner had in fact received a copy of the order denying his motion to proceed in forma pauperis. The Court reached this conclusion by comparing the signature of the receipt from the certified mail delivery with other pleadings signed by Petitioner in the case. Therefore, the Court concluded that "in view of this evidence, [Petitioner's] motion for relief from the Order of the Court is not well-taken." Id. at 2. Additionally, the Court found that

it would not be a hardship to require Petitioner to pay the filing fee.

About two weeks after the Court denied his motion for relief from judgment, on May 20, 2008, Petitioner initiated the instant habeas proceedings with the filing of his petition and the filing fee. On July 17, 2008, Respondent moved to dismiss Petitioner's petition on the grounds that is barred by the statute of limitations set forth in 28 U.S.C. § 2254(d)(1)(A). Doc. No. 6. Respondent argued that because Petitioner's conviction and sentence became final on January 2, 2007, the statute of limitations on his petition expired on January 3, 2008. Consequently, Petitioner missed the filing deadline by about four and a half months. Respondent argued further that there are no grounds for equitably tolling the statute of limitations.

In response, Petitioner argued that equitable tolling applies in this case because his first petition in case number 1:07-CV-580 was filed timely and was only rejected because of his poverty. Petitioner further argued that equitable tolling applies because he did not receive a copy of the order rejecting his in forma pauperis application. Petitioner also disputed the Court's conclusion that the signature on the return receipt was his. Petitioner claimed that prison policy does not allow prisoners to sign for legal mail. Rather, Petitioner stated,

4

legal mail is delivered and signed for by a mail room employee and then the prisoner signs a mail room log book for receipt of the mail.  Finally, Petitioner argued that equitable tolling applies because he is actually innocent of the elements used to increase his sentence.

In his analysis, Magistrate Judge Black concluded that Petitioner's claims are barred by the statute of limitations unless equitable tolling applies to extend the period.  Like this Court, Judge Black concluded that the signature on the return receipt is his despite his contention the institutional policy made that impossible.  Therefore, Judge Black concluded that Petitioner had received timely notice of the Court's order denying his <u>in forma pauperis</u> application.  Additionally, Judge Black found that Petitioner has not acted diligently pursuing his rights because he waited eight months to obtain relief from the Court's order denying his application.  Finally, Judge Black observed that it is unclear whether the actual innocence exception applies where, as in this case, the petitioner challenges only sentencing enhancements in his petition.  In any event, Judge Black concluded, Petitioner has not made any showing that it is more likely than not that no reasonable jury would have found him guilty of the elements necessary to enhance his sentence.  Therefore, Judge Black concluded that Petitioner is

not entitled to equitable tolling based on the actual innocence exception.

Petitioner filed timely objections to Magistrate Judge Black's Report and Recommendation. Doc. No. 13. In his objections, Petitioner continues to assert that he did not receive the Court's order in the earlier case denying his application to proceed in forma pauperis. In support, Petitioner submits a response to his informal complaint resolution from the mail room supervisor, a Lieutenant Gainey, who states that staff members sign for legal mail on behalf of the inmates. Thus, Petitioner contends that he was being truthful in stating that he did not receive the Court's order. Therefore, Petitioner argues that he has exercised due diligence in pursuing his rights.

The Court reviews de novo a magistrate judge's report and recommendation on a dispositive matter. Fed. R. Civ. P. 72(b).

In this case, the Court first notes that the issue of whether Petitioner actually received notice of the order denying his motion to proceed in forma pauperis was already litigated and decided against him in the earlier case. Petitioner presents no evidence in this case that was not available to him at the time the Court denied his motion for relief from judgment in the first case. Therefore, res judicata precludes Petitioner from re-litigating that issue again in this case.

Even if, however, res judicata does not apply here, the Court agrees with Magistrate Judge Black that Petitioner has not acted with due diligence in asserting his rights. Petitioner was dilatory in the first instance by failing to submit the filing fee or a motion for leave to proceed in forma pauperis with his original habeas petition. Indeed, even though his original petition had been received by the Court, it was not considered "filed" with the Court because of these omissions. Truitt v. County of Wayne, 148 F.3d 644, 649 (6th Cir. 1998)("[I]t is proper for a district court to deem a complaint 'filed' only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court."). Petitioner was further dilatory when he decided to apply for leave to proceed in forma pauperis because his papers clearly showed that he could afford to pay the $5 filing fee. Moreover, Petitioner's claim of hardship was tenuous at best, given that his records showed that he had been spending his funds on non-essential items such as photographs and candy. See 1:07-CV-580, Doc. No. 3-2.

The Court recognizes that a prisoner's lack of notice that the court has ruled on a motion can be a basis for equitable tolling if he acted diligently in the matter. Miller v. Collins, 305 F.3d 491, 496 (6th Cir. 2002). Petitioner, however, was dilatory by waiting, by his own admission, over eight months to

7

inquire as to the status of his IFP application.  In <u>Miller</u>, the Court held that it was not unreasonable for petitioner to have waited nine months to inquire into the status of his motion to reopen his appeal where the court had previously considered his sufficiency of the evidence appeal for five months.  Therefore, the Court concluded that the petitioner was entitled to equitable tolling for the period during which he did not have notice that his motion had been denied.  <u>Id.</u> at 496.  In contrast, in this case, Petitioner's motion for leave to proceed <u>in forma pauperis</u> was a routine ministerial matter.  Previously, he had received a deficiency order from the Court no more than three weeks after submitting his original petition.  In other words, in contrast to the court in <u>Miller</u>, this Court acted promptly in notifying Petitioner of problems with his petition.  Therefore, it was unreasonable for Petitioner to have apparently assumed that the Court would not rule quickly on his IFP motion.  It was clearly unreasonable for Petitioner to wait over eight months to inquire as to the status of this routine matter.  Consequently, equitable tolling is not available because Petitioner did not exercise due diligence.

Finally, Petitioner has not objected to that part of the Report and Recommendation concluding that he is not entitled to equitable tolling based on actual innocence.  Accordingly, the Court does not address that issue.  <u>See</u> Fed. R. Civ. P. 72(b)(3)

("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Accordingly, for the reasons stated, Petitioner's habeas petition is barred by the statute of limitations and he is not entitled to equitable tolling. Petitioner's objections to Magistrate Judge Black's Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation; Respondent's motion to dismiss is well-taken and is **GRANTED.** The habeas petition is **DISMISSED WITH PREJUDICE. THIS CASE IS CLOSED.**

A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to appeal in forma

pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date February 24, 2009            s/Sandra S. Beckwith
                                    Sandra S. Beckwith
                           Senior United States District Judge